UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

NYDIA I. RAMOS,
    Plaintiff,

vs.

WAL-MART STORES EAST, L.P.,
    Defendant.
_____/

**DEFENDANT, WAL-MART STORES EAST, L.P.' S NOTICE OF REMOVAL**

Defendant, WAL-MART STORES EAST, L.P., ("Wal-Mart"), by and through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, hereby removes to this Court the action filed in the 9th Judicial Circuit in and for Orange County, Florida, Case No. 2019-CA-11253-O, with full reservation of rights, exceptions and defenses, and in support thereof states:

**I. FACTUAL BACKGROUND**

1. On September 13, 2019, Plaintiff commenced this action by filing a Complaint against Wal-Mart in the 9th Judicial Circuit in and for Orange County, Florida. *See* Plaintiff's Complaint attached as Ex. "A."

2. On September 19, 2019, the Complaint was served on Wal-Mart. *See* Service of Process attached as Ex. "B."

3. Plaintiff alleges a claim for negligence against Wal-Mart as a result of injuries she allegedly sustained on December 7, 2018, while at the Wal-Mart store located at 2550 South Kirkman Road, Orlando, Florida. *See* Ex. "A" at ¶ 4, 7.

4. Specifically, the Plaintiff alleges she slipped and fell on a gel substance as she attempted to walk through the store. *Id.* at ¶ 5-7.

5. Plaintiff alleges, *inter alia,* Wal-Mart breached its duty to the Plaintiff to maintain a safe and hazard-free environment, as an ordinarily prudent persons would under similar circumstances. *Id.* at ¶ 10.

6. At the time filing the Complaint, the Plaintiff alleged she is a resident of Orange County, Florida. *Id.* at ¶ 2. Additionally, on June 30, 2020, the Plaintiff testified that (i) she intends to remain in the state of Florida, (ii) has not had any contacts with the State of Arkansas or Delaware, and (iii) has not resided in, has not registered to vote in, nor owned any property in the State of Arkansas or Delaware. *See* Plaintiff's Redacted Deposition Transcripts, June 30, 2020 attached as Ex. "C" at 10:22-11:24.

7. The parties are diverse, as explained in further detail below, as Wal-Mart was at the time of the alleged incident, and currently, Wal-Mart Stores East, LP is a limited partnership which currently is, and was at the time of the filing of the Complaint, a Delaware Limited Partnership with its principal place of business in the State of Arkansas.

8. At the time Plaintiff filed her lawsuit against Wal-Mart, her case as stated by her initial pleading (i.e Complaint) was not removable pursuant to 28

U.S.C. § 1446(b)(1), as Plaintiff's Complaint alleged an unspecified demand for damages below $75,000.00, and Plaintiff's July 10, 2019 Pre-suit Demand Letter stated Plaintiff's past medical expenses were only $5,287.50 – which is also below the required $75,000.00 jurisdictional minimum. *See* Ex "A" at ¶ 1, and Plaintiff's Pre-suit Demand Letter attached as Ex. "D."

9. On November 18, 2019, the Plaintiff filed her answers to Interrogatories stating her past medical expenses were $8,587.50. *See* Plaintiffs' redacted answers to interrogatories No. 22 attached as Ex. "E."[1]

10. As Plaintiff's past medical expenses were only $8,587.50, her case as stated by her answers to Interrogatories was not removable pursuant to 28 U.S.C. §1446(b)(3), as the Plaintiff's answers to Interrogatories did not establish that damages in this case exceeded $75,000.00, and thus, Plaintiff's answers to Interrogatories did not constitute the "other paper," necessary from which Wal-Mart may first ascertain that the case is one which is or has become removable.

11. Although Plaintiff's November 18, 2019 responses to request for admissions admitted that damages exceeds $75,000.00, [*See* Plaintiff's Answers to Wal-Mart's RFA No. 10 attached as Ex. "F."] Plaintiff's admission did not constitute the "other paper," pursuant to 28 U.S.C. §1446(b)(3), necessary from which Wal-Mart may first ascertain that the case is one which is or has become removable

---

[1] Wal-Mart has redacted portions of Plaintiff's Answers to Interrogatories protect the Plaintiff's personal information. Should the Court wish to obtain an unredacted version, Wal-Mart can provide same at the Court's request and direction.

***because responses to request for admissions <u>alone</u>***, are insufficient to establish the amount in controversy exceeds $75,000.00. *See* Eckert v. Sears, Roebuck and Co., No. 8:13-cv-2599-T-23EAJ, 2013 U.S. Dist. LEXIS 149561, 2013 WL 5673511, at *1 (M.D. Fla. Oct. 17, 2013) (citation omitted) (remanding removed action where defendant's sole basis for establishing the **amount in controversy** was plaintiff's **admission**).

12. As the Middle District court has previously determined that responses to request for admission alone is insufficient to establish the jurisdictional threshold to remove this matter to federal court, Wal-Mart was required to obtain additional discovery/ "other paper" to establish that the amount in controversy exceeds $75,000.00.

13. On June 30, 2020, during the Plaintiff's deposition, Wal-Mart first ascertained that the case is one which has become removable pursuant to 28 U.S.C. §1446(b)(3), as the Plaintiff testified that damages exceed $75,000.00 because:

   a. Plaintiff's past medical expenses are $8,587.50,

   b. Plaintiff intends to move forward with knee surgery which her treating physician estimated would cost $32,000.00, and

   c. Plaintiff is claiming damages for pain and suffering in excess of $34,412.50. *See* Ex. "C" at 46:6-47:17.

14. Accordingly, on June 30, 2020, Wal-Mart first ascertained that the case is one which has become removable pursuant to 28 U.S.C. §1446(b)(3), as the Plaintiff testified that damages exceed $75,000.00. *Id.*

15. This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

16. Wal-Mart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 9th Judicial Circuit in and for Orange County, Florida together with a docket sheet from the Clerk of the Court. *See* Ex. "G."

17. Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

18. On June 30, 2020, Wal-Mart first ascertained that the case is one which has become removable pursuant to 28 U.S.C. §1446(b)(3), as the Plaintiff testified that damages exceed $75,000.00. *See* "Ex. C" at 46:6-47:17.

19. Specifically, the Plaintiff testified that:

    a. Plaintiff's past medical expenses are $8,587.50,

    b. Plaintiff intends to move forward with knee surgery which her treating physician estimated would cost $32,000.00, and

    c. Plaintiff is claiming damages for pain and suffering in excess of $34,412.50. *See* Ex. "C" at 46:6-47:17.

20. 28 U.S.C. § 1446(b)(3) authorizes Wal-Mart to remove the instant case within thirty days after receipt by Wal-Mart, "through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first

be ascertained that the case is one which is or has become removable." (emphasis added).

21. Plaintiff's June 30, 2020 testimony regarding damages reflected in the deposition transcript is the ***"other paper"*** from which Wal-Mart first ascertained that the instant case is removable based on diversity jurisdiction as Plaintiff testified that the amount in controversy exceeds $75,000.00. *See* Ex. "C" at 46:6-47:17.

22. The Eleventh Circuit Court has held that responses to discovery, ***deposition transcripts***, and other documents can constitute and be considered the "***other paper***" pursuant to, and required by, 28 U.S.C. § 1446(b)(3). *See Wilson v. General Motors Corp.,* 888 F.2d 779, 780 (11th Cir. 1989); *Lowery v. Alabama Power Co.*, 483 F.3d 1213, n. 61 (noting that a number of documents have been judicially recognized as such, including interrogatory responses).

23. In accordance with 28 U.S.C. § 1446(b)(3), Wal-Mart files this Notice of Removal within thirty days of June 30, 2020, which is the date that Plaintiff testified that damages in this case exceed $75,000.00, making it clear that removal was appropriate. Thus, the instant Notice of Removal is timely filed.

24. Venue exists in the United States District Court for the Middle District of Florida, Orlando Division, because the 9th Judicial District in and for Orange County, where Plaintiff filed her state court Complaint is located in Orange County Florida, which is located within the United States District Court for the Middle District of Florida, Orlando Division.

### III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

25. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

#### A.   Citizenship of NYDIA RAMOS

26. At the time Plaintiff filed her Complaint, she alleged she is a resident of Orange County, Florida. *See* Ex. "A" at ¶ 2. "[I]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

27. Additionally, on June 30, 2020, the Plaintiff testified that she ***intends*** to remain in the State of Florida, and (i) has not had any contacts with the State of Arkansas or Delaware, (ii) has not resided in, has not registered to vote in, nor owned any property in the State of Arkansas or Delaware. *See* Ex. "C" at 10:22-11:24.

28. Here, Plaintiff's sworn testimony indicates she intends to remain in Florida, and her Florida residence is prima facie evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz,* 2009 WL 1532129 at *3.

29. Further, at no time during the pendency of this lawsuit, has Plaintiff alleged or stated any contacts in either the states of Delaware or Arkansas.

### B. Citizenship of WAL-MART STORES EAST, L.P.

30. At the time of the alleged incident, and at the time of filing the Complaint, Wal-Mart Stores East, LP is a limited partnership which currently is, and was at the time of the Complaint, a Delaware Limited Partnership with its principal place of business in the State of Arkansas. *See* SunBiz Report attached as Ex. "H." WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores, Inc. Wal-Mart Stores Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware. Wal-Mart Stores Inc., at the time the Complaint was filed and presently, incorporated in the State of Delaware. The principal place of business for all of the above mentioned entities at the time of the incident and at the time of filing the Complaint, (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Wal-Mart Stores, Inc.) is, and was at the time of filing the Complaint, Bentonville,

Arkansas.

## IV. AMOUNT IN CONTROVERSY

31. The amount in controversy exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy, ***Plaintiff testified that damages exceed $75,000.00 based on the following:***

   a. Plaintiff's past medical expenses are $8,587.50,

   b. Plaintiff intends to move forward with knee surgery which her treating physician estimated would cost $32,000.00, and

   c. Plaintiff is claiming damages for pain and suffering in excess of $34,412.50. *See* Ex. "C" at 46:6-47:17.

32. The well-established rule adopted by the Eleventh Circuit states that a removing party can offer its own affidavits, declarations, or other documentation to establish federal removal jurisdiction and there is no limitation on the type of evidence that a defendant could offer once it timely files a notice of removal. *See Pretka v. Kolter City Plaza, II, Inc.,* 608 F.3d 759 (11th Cir. 2010) (discussing the binding law in the Eleventh Circuit that a defendant may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal) (emphasis added); *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001).

33. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL

1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)).

34.  Where like here, the jurisdictional amount is not facially apparent on the face of Plaintiff's Complaint; the court will look to the notice of removal and any accompanying documents relevant to the amount in controversy at the time the case was removed. *Pretka,* 608 F.3d at 759; *Williams,* 269 F.3d at 1319*; see also, Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)[2] (discussing that when a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement).

35.  Moreover, Eleventh Circuit precedent permits district courts to use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1062 (11th Cir. 2010) (quoting *Pretka,* 608 F.3d at 754). Furthermore, a removing defendant, is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *See Pretka,* 608 F.3d at 754. Thus, all that is required is that Wal-Mart show, by a preponderance of

---

[2] *Abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

the evidence, that the amount in controversy in the instant case exceeds $75,000.00. *Id.* at 752.

36.  Similarly, the Eleventh Circuit Court has held that responses to discovery, ***deposition transcripts***, and other documents can constitute and be considered the "***other paper***" pursuant to, and required by, 28 U.S.C. § 1446(b)(3). *See Wilson v. General Motors Corp.,* 888 F.2d 779, 780 (11th Cir. 1989); *Lowery v. Alabama Power Co.*, 483 F.3d 1213, n. 61 (noting that a number of documents have been judicially recognized as such, including interrogatory responses).

37.  Here, Plaintiff's deposition testimony as transcribed in her deposition testimony conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum.

38.  Plaintiff's June 30, 2020 testimony and representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous district court decisions support this conclusion.

39.  Accordingly, Wal-Mart has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

### V. CONCLUSION

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states, and the amount in controversy exceeds $75,000.00

exclusive of interest, fees, and costs. Upon filing of this initial Notice of Removal, Wal-Mart provided written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 9th Judicial Circuit in and for Orange County, Florida, of its Notice of Removal.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, L.P., ("Wal-Mart"), respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2019-CA-11253-O, on the docket of the Court for the 9th Judicial Circuit in and for Orange County Florida, be removed from that Court to the United States District Court for the Middle District of Florida, Orlando Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

**Dated: July 24, 2020**

Respectfully Submitted,

*/s/ Patricia Concepcion, Esq.*
Jerry D. Hamilton, Esq.
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
William Edwards, Esq.
wedwards@hamiltonmillerlaw.com
Florida Bar No. 43766
Patricia Concepcion, Esq.
Florida Bar No.109058
pconcepcion@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
*Attorneys for Wal-Mart Stores East, L.P.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 24, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/ *Patricia Concepcion*
Patricia Concepcion, Esq.

## SERVICE LIST

*Attorneys for Plaintiff*
Frenando J. Salamanca, Esquire
The Pendas Law Firm
625 E. Colonial Drive
Orlando, FL  32803
Telephone: (407) 352-3535
Facsimile: (407) 250-6023
Primary Email: pleadings2@pendaslaw.com
Secondary Email: acaraballo@pendaslaw.com; fsalamanca@pendaslaw.com

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690